Edna Pearl McMillan HOPPER, Appellant,

v.

MIDLAND COUNTY, Texas, et al., Appellees.

No. 6341.

Court of Civil Appeals of Texas, El Paso.

Sept. 26, 1973.

Rehearing Denied Oct. 24, 1973.

Svanas & Svanas, Gloria T. Svanas, Odessa, for appellant.

Jimmie D. Oglesby, Co. Atty., Midland, for appellees.

OPINION

OSBORN, Justice.

This is an appeal from a summary judgment. Suit was filed against Midland County and the Commissioners Court, seeking to recover damages for personal injuries alleged to have been sustained by the Appellant when she fell down steps in the County Courthouse. The Appellees asserted the defense of governmental immunity and the trial Court entered a summary judgment based upon such plea. That judgment is affirmed.

The Appellant alleged that she entered the Midland County Courthouse on March 18, 1969, to purchase her license plates for her automobile. She further alleged that as she was leaving the main floor of the courthouse she attempted to descend steps and fell, thereby sustaining serious injuries. She alleged common law negligence in regard to the maintenance and repair of the steps along with a statutory duty to provide and keep the courthouse in repair, as set forth in Article 2351, Sec. 7, Tex. Rev.Civ.Stat.Ann. The County and its governing body, the Commissioners Court, being a political subdivision of the State, pled the defense of governmental immunity.

Since the accident occurred prior to January 1, 1970, the provisions of the Texas Tort Claims Act are not applicable. Article 6252–19, Sec. 14(1), Tex.Rev.Civ.Stat. Ann.; McCrary v. City of Odessa, 482 S. W.2d 151 (Tex.Sup.1972).

Basically, this case involves a motion directed to the pleadings and challenges the Appellant's right · to suit, in which case supporting affidavits are not necessary. McDonald, Texas Civil Practice, Vol. 4, Sec. 17.26.8. In any event the trial Court had available for consideration the affidavit of Appellant that she was in the Midland County Courthouse on the occasion in question for the purpose of purchasing automobile license plates.

**554**

The Courts of this State have long recognized and given application to the principle of governmental immunity. Hosner v. DeYoung, 1 Tex. 764 (1847); Texas Highway Department v. Weber, 147 Tex. 628, 219 S.W.2d 70 (1949). This legal concept is applicable to political subdivisions, such as counties. Harris County v. Gerhart, 115 Tex. 449, 283 S.W. 139 (1926). In Bennett v. Brown County Water Imp. Dist. No. 1, 153 Tex. 599, 272 S.W.2d 498 (1954), the Court in denying recovery in a wrongful death case, said:

"In the case at bar, the district is a governmental agency and body politic, and governed by the law applicable to counties. A county is liable only under statutory enactment, and there being no statute making the district liable in a case such as this, no liability can result."

In Ritch v. Tarrant County Hospital District, 476 S.W.2d 950 (Tex.Civ.App.—Fort Worth 1972), the Court pointed out that the rule in Texas is that a county cannot be found liable for injuries caused by the negligence of its agents or employees, in the absence of liability created by statute, without regard to the question as to whether the county acts in a governmental or proprietary capacity. The Texas Supreme Court in a per curiam opinion affirmed the lower Court's decision upholding the summary judgment on the theory of governmental immunity. Ritch v. Tarrant County Hospital District, 480 S.W.2d 622 (Tex.Sup.1972, cert. denied, 409 U.S. 1079, 93 S.Ct. 703, 34 L.Ed. 669).

Although the legislature has opened the door to waiver of governmental immunity by the enactment of the Texas Tort Claims Act, immunity is still the rule where the act does not apply. Greenhill and Murto, Governmental Immunity, 49 Texas L.Rev. 462, 473.

While the Appellant would have this Court knock the door down completely, that decision, if and when it is made, must come either from the legislature or the highest Court of the State, not an intermediate Court. Calhoun v. Pasadena Independent School District, 496 S.W.2d 131 (Tex.Civ.App.—Houston (14th Dist.) 1973, writ ref'd n. r. e.; Beggs v. Texas Department of Mental Health and Mental Retardation, 496 S.W.2d 252 (Tex.Civ.App.—San Antonio 1973, writ ref'd). And that Court does not appear inclined to make exceptions for individual cases which occurred prior to the effective date of the Texas Tort Claims Act. City of Houston v. George, 479 S.W.2d 257 (Tex.Sup. 1972).

Appellant's points of error are overruled, and the judgment of the trial Court is affirmed.