**PROFESSIONAL ASSOCIATION OF COLLEGE EDUCATORS and James Semones, Appellants,**

v.

**EL PASO COUNTY COMMUNITY DISTRICT, Appellee.**

No. 08–82–00353–CV.

Court of Appeals of Texas, El Paso.

April 18, 1984.

Rehearing Denied June 6, 1984.

Robert E. Hall, Houston, for appellants.

Michael C. Crowley, El Paso, Evelyn Tatum, Asst. Atty. Gen., Austin, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

OSBORN, Justice.

For the first time since the adoption of the Texas Constitution of 1876, citizens of this state seek judicial enforcement of their right to apply to those invested with the powers of government by "remonstrance." Having concluded that the granting of summary judgment in this case denied the exercise of that seldom used, but nevertheless valuable, constitutional right, we reverse and remand.

Article I, sec. 27 of the Texas Constitution provides:

The citizens shall have the right, in a peaceable manner, to assemble together for their common good; and apply to those invested with the powers of government for redress of grievances or other purposes, by petition, address or remonstrance.

There is no Texas case discussing a citizen's right to seek redress from the government by remonstrance.[1] We write on a totally clean slate.

The term, remonstrance, is defined in Black's Law Dictionary, Fifth Ed. (1979), as follows:

Expostulation; showing of reasons against something proposed; a representation made to a court or legislative body wherein certain persons unite in urging that a contemplated measure be not adopted or passed. A formal protest against the policy or conduct of the government or of certain officials drawn up and presented by aggrieved citizens.

Specifically, it is a document formally stating points of opposition or grievance. Webster's Third New International Dictionary (1971).

In this state, the right dates back to the proposed constitution for the State of Texas as drafted by the Convention of 1833. Article 18 of that draft, which recognized the people's right to apply to those invested with the powers of government, contains basically the provisions which now appear in Article I, sec. 27 of the Texas Constitution.

But long before the drafters of our constitution were born, the people of England, through the House of Commons in 1641, presented The Grand Remonstrance to the King of England setting forth their grievances and complaints. Within a month the King responded and advised that he had received their petition and "had taken some time to consider of it, * * *." (He replied to the three basic issues raised but not to some 200 specific complaints.) Gardiner, The Constitutional Documents of the Puritan Revolution, 1625–1660 (3d ed.).

The early colonists considered the right of remonstrance to be a valuable one. In his famous speech to the Virginia delegates to the Continental Congress on March 23, 1775, Patrick Henry said "give me liberty

1. See: *Koehler v. Dubose,* 200 S.W. 238 (Tex.Civ. App.—San Antonio 1918, writ ref'd).

or give me death!" only after he had told those assembled:

We have petitioned; we have remonstrated; we have supplicated; we have prostrated ourselves before the throne, and have implored its interposition to arrest the tyrannical hands of the ministry and Parliament. Our petitions have been slighted; our remonstrances have produced additional violence and insult; our supplications have been disregarded; and we have been spurned, with contempt, from the foot of the throne!

Having succeeded in their struggle for freedom from a tyrannical government, the framers of the early state constitutions sought to protect the citizens from a reoccurring loss of valuable rights and freedom. Thus, in 1780, the Massachusetts Bill of Rights guaranteed to the people the right "to request of the legislative body, by the way of addresses, petitions, or remonstrances, redress of the wrongs done them, and of the grievances they suffer." Constitution of the Commonwealth of Massachusetts, Article XIX (See: Am.Jur.2d Desk Book, Item 188 [1979]).

In our case, the amended petition filed by the Professional Association of College Educators, an unincorporated association of faculty employees of El Paso Community College District, and James Semones, a member of the faculty of the college, alleged that they had filed a written remonstrance, signed by a majority of the tenured faculty, with the Board of Trustees on December 19, 1979. The remonstrance was addressed to a proposed change in the official policies of the college concerning the tenure of faculty members. Paragraph Fourteen of the amended pleading alleges the "college made no response to the Plaintiffs' Remonstrance; did not consider it; did not address the issues raised by it; made no effort to negotiate those issues; and thus violated the rights of the Plaintiffs * * *." By way of relief, the petition sought to have the challenged policies declared void, a permanent injunction issued to require that the college board respond to the complaints and in good faith negotiate a resolution to the differences between the parties, or in the alternative that the court require the board to establish an equitable procedure for the receipt of and response to the remonstrance filed with the board.

■ The motion for summary judgment asserted the defendants were entitled to judgment as a matter of law because the plaintiffs' petition had not asserted a cause of action upon which relief could be granted. Summary judgment was granted only after the plaintiffs had been given an opportunity to amend, and did in fact file an amended petition. A summary judgment may be based upon the pleadings alone where the petition fails to state a cause of action. In such case, supporting proof is not necessary. *Chandler v. Gillis*, 589 S.W.2d 552 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.); *Hopper v. Midland County*, 500 S.W.2d 552 (Tex.Civ.App.—El Paso 1973, writ ref'd n.r.e.); 4 McDonald, Texas Civil Practice sec. 17.26.8(i) (1971). In such case, the court takes as true every allegation of the pleading against which the motion is directed. *Wood Truck Leasing, Inc. v. American Automobile Insurance Company*, 526 S.W.2d 223 (Tex.Civ. App.—San Antonio 1975, no writ).

■ In this case, when the Appellee moved for summary judgment it acknowledged as true the allegation that its Board of Trustees had not considered the remonstrance filed by the Appellants. If the right is to have any meaning whatsoever, the remonstrance must at least be considered. Even in 1641 the King in his response said he had taken time to consider the petition setting forth the grievances of the people of that day. He even made a written response.

■ We find no requirement that those trusted with the powers of government must negotiate or even respond to complaints filed by those being governed. But, surely they must stop, look and listen. They must consider the petition, address or remonstrance. If the response, or lack thereof, is not as desired, the remedy then lies in the ballot box where free and inde-

pendent people ultimately deal with those who rule over them.

Appellants urge a response on our part similar to that adopted by the courts in *Curators of the University of Missouri v. Public Service Employees Local No. 45, Columbia,* 520 S.W.2d 54 (Mo.1975) or *Dade County Classroom Teachers Association, Inc. v. Legislature,* 269 So.2d 684 (Fla.1972). Those cases dealt with specific statutes and constitutional provisions which have no application in this state.

We sustain Point of Error No. One and overrule the other points of error. We reverse the judgment of the trial court and remand the case for trial. In the meantime, the Board of Trustees will be free to consider and act upon the remonstrance as they see fit. They may or may not choose to change the policy about which complaint was made. They can only be required to consider the remonstrance; they may not be required to negotiate the issues raised by Appellants.

STEPHEN F. PRESLAR, Chief Justice, dissenting.

I respectfully dissent. For all the wonderful things that have been written about the right of citizens to petition their government, it is clear they have no application here. This is a dispute between employees and their employer. Article I, sec. 27 of the Constitution of Texas is for citizens-government disputes or grievances. In full it says:

> Sec. 27. Right of assembly; petition for redress of grievances. The citizens shall have the right, in a peaceable manner, to assemble together for their common good; and apply to those invested with the powers of government for redress of grievances or other purposes, by petition, address or remonstrance.

The petition in this case alleges that the Board of Trustees of the Appellee had under consideration a proposed change in their official policy regarding tenure and dismissal, and that Appellants presented a written "remonstrance" signed by a majority of the tenured faculty to the Board, and the Board made no response to the remonstrance and thus violated their rights under Article I, sec. 27. Clearly this is an employee-employer matter and has nothing to do with any violation by the government of any right or grievance of its citizens.

I agree with the trial court that there is no cause of action for the court to act on. There has been no denial of a right which a court of law can order corrected. At best, assuming all that is alleged is true, the Board has not responded to the remonstrance, so the presumption is that they did not consider it. The relief which the courts can grant is to tell the Board to consider it. That is all that is involved in this case, and it is not a matter for the courts but is solely for the Board in the exercise of its authority.

As employees of the Appellee, Appellants have a right under Tex.Rev.Civ.Stat.Ann. art. 5154c, sec. 6 (Vernon 1971), "to present grievances concerning their wages, hours of work, or conditions of work individually or through a representative ...." That statute and/or any contract of their employment with Appellee governs employee-employer disputes. "Remonstrance" is a good-sounding word, but lifted alone out of the Constitution, not being the subject of any enabling legislation and in fact not appearing elsewhere in Texas law, it can not be controlling of an employee-employer relationship. I would affirm the judgment of the trial court.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

OPINION ON MOTION FOR REHEARING

OSBORN, Justice.

Both the Appellants and the Appellee have filed a motion for rehearing. Both seek further clarification of that part of our opinion where we said "they (Board of

Trustees) must *consider* the petition, address or remonstrance."

We believe that "consider" is more of a household word than "remonstrance" and is a term understood by all parties. For lack of a better description, we originally said that the trustees must "stop, look and listen." Webster's Third New International Dictionary (1971) defines the term as meaning to reflect on; to think of in an attentive way; to look at with earnest reflection and to give thought to with a view to accepting, or adopting. Black's Law Dictionary (5th ed. 1979) defines the term as meaning "to fix the mind on, with a view to careful examination; to examine; to inspect. To deliberate about and ponder over. To entertain or give heed to." William C. Burton, Legal Thesaurus (1980) says that among other things consider means to consult, contemplate, devote attention to, evaluate, examine, heed, inspect, meditate on, mull over, observe, pay attention to and reflect upon.

A board which when presented with a remonstrance immediately files it in a wastebasket can hardly be said to have "considered" it. A board which delays action upon a remonstrance in order to study and deliberate upon the issues presented will quite clearly have "considered" the remonstrance, particularly if they modify or change their decision upon the issue confronting them. In between these extremes the board may "consider" the remonstrance by reading it, perhaps on occasions having discussion, and then proceeding to act contrary to the contentions urged in the remonstrance. But in any event we believe the board must stop, look and listen. In most instances a deliberating body will by its conduct show whether it has or has not "considered" a petition, address or remonstrance presented to it.

Both the Appellants' and Appellee's motion for rehearing are overruled.

STEPHEN F. PRESLAR, C.J., dissents to the overruling of the Appellee's motion for rehearing.