**CITY OF LUBBOCK, Texas, Appellant,**

v.

**PUBLIC UTILITY COMMISSION OF TEXAS, et al., Appellees.**

**No. 14381.**

Court of Appeals of Texas, Austin.

Feb. 12, 1986.

Rehearing Denied March 19, 1986.

John C. Ross, Jr., City Atty., James P. Brewster, Asst. City Atty., Lubbock, for appellant.

Jim Mattox, Atty. Gen., Stephen J. Davis, Asst. Atty. Gen., Austin, for Public Utility Com'n of Texas.

Cecil Kuhne, Crenshaw, Dupree & Milam, Lubbock for Southwestern Public Service Co.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

BRADY, Justice.

The City of Lubbock appeals from a judgment of the district court of Travis County sustaining an order of the Public Utility Commission. The Commission overturned an order of the City imposing residential late payment charges because that order was in conflict with PUC Substantive Rule 052.02.04.044 (16 Tex.Admin.Code § 23.45(b), hereafter Rule 23.45(b)).

The principal question on appeal is whether Rule 23.45(b) binds the City in the exercise of its powers as a municipal regulatory authority under the Public Utility Regulatory Act (PURA), Tex.Rev.Civ.Stat. Ann. art. 1446c (Supp.1986). The Commission's Rule 23.45(b) provides:

> A one-time penalty not to exceed 5.0% may be made on delinquent commercial or industrial bills; however, *no such penalty shall apply to residential bills under this section.* The 5.0% penalty on delinquent commercial and industrial bills may not be applied to any balance to which the penalty was applied in a previous billing. (Emphasis added.)

Pursuant to this rule, the Commission, exercising its appellate jurisdiction under PURA § 17(d), overturned the City's order to a local privately-owned utility to charge residential late payment penalties.

The City does not directly challenge the validity of Rule 23.45(b), but instead alleges that the rule is not binding on a municipality exercising "exclusive original jurisdiction" over utility regulation within its boundaries. See PURA § 17.

 Section 16(a) of PURA confers upon the Commission power to "make and enforce rules reasonably required in the exercise of its power and jurisdiction. . . ." Rule 23.45(b) was promulgated pursuant to PURA § 16(a), *supra.* As mentioned above, the City does not challenge the validity of this rule, but instead challenges its application to municipal regulatory authorities under PURA. The courts must assume that facts exist which justify the promulgation of the rule and establish its general validity. *Bullock v. Hewlett-Packard,* 628 S.W.2d 754 (Tex.1982). A valid

administrative rule is ordinarily construed like a statute and has the force and effect of legislation. *Lewis v. Jacksonville Building and Loan Ass'n*, 540 S.W.2d 307 (Tex.1976). Accordingly, absent a statutory directive to the contrary, the court assumes that Rule 23.45(b) does indeed apply to municipal regulatory authorities.

The City points to several sections of PURA which, it asserts, deny the Commission authority to impose its rules on municipal regulatory authorities. The City's strongest claim is based on § 20 of PURA, which provides: *"Nothing in this article* shall be construed to confer on the Commission power or jurisdiction to ... affect or limit the power, jurisdiction, or duties of the municipalities that have elected to regulate and supervise public utilities within their boundaries, *except as provided in this Act."* (Emphasis added.)

Although this section plainly limits the Commission's power over municipal regulatory authorities, it is subject to the two underlined qualifying phrases: 1) § 20 only limits the construction of provisions in "this article," *i.e.,* Article III of PURA, which includes sections 16 through 20; and 2) the Commission can limit the "power, jurisdiction, or duties of municipalities" "as provided in this Act." Presumably the second qualification does not refer to Article III of PURA, since that Article is mentioned more specifically in the first qualification. In addition, reading the second qualification to include Article III would render the whole section meaningless.

Because the Commission's general rule-making authority is found in Article III of PURA, § 20 appears to provide that the Commission may not, by rule, "affect or limit the power, jurisdiction, or duties of municipalities that have elected to regulate and supervise public utilities within their boundaries."

The Commission, however, directs our attention to § 22 of PURA, which is not contained in Article III and which seems to conflict with the directive of § 20. Section 22 states, in part:

If a municipality does not surrender its jurisdiction, local utility service within the boundaries of the municipality shall be exempt from regulation by the commission under the provisions of this Act to the extent that this Act applies to local service, and the municipality shall have, regarding service within its boundaries, the right to exercise the same regulatory powers *under the same standards and rules as the commission, or other standards and rules not inconsistent therewith.* (Emphasis added.)

Although the import of this sentence is not clear, it does imply that a municipal regulatory authority cannot exercise its regulatory powers in a manner inconsistent with the standards and rules of the Commission. At the same time, however, the quoted sentence exempts utilities within the boundaries of a municipal regulatory authority from "regulation by the commission under the provisions of this Act." Whatever the import of these seemingly inconsistent provisions, we do not conclude that they amount to the direct statutory authority which § 20 requires before the Commission may "affect or limit the power, jurisdiction, or duties" of municipal regulatory authorities.

We conclude that § 20 controls the disposition of this appeal, and that § 20 prohibits the Commission from applying its Rule 23.45(b) to deny the City the power to impose residential late payment charges.

The judgment of the trial court is reversed and remanded with instructions to set aside the final order of the Public Utility Commission of February 8, 1984, in Docket No. 4962.