OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



February 24, 1999

William R. Archer III, M.D.                     Opinion No. JC-0003
Commissioner of Health
Texas Department of Health                      Re:   Binding effect of government agency rules
1100 West 49th Street                           on other state entities   (RQ-1201)
Austin, Texas 78756-3199

Dear Commissioner Archer:

Your predecessor asked this office whether rules promulgated by the Texas Department of Health (the "department") as administrator of the Texas Medical Assistance (Medicaid) Program were binding on state entities participating in that program as health care providers. We answer in the affirmative. So long as a state agency's rules are within the power granted to it by the legislature and have been properly promulgated, they have the force of law. *See Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 310 (Tex. 1976). The mere fact that an entity engaged in the conduct governed by those rules is a state agency, board, department, or political subdivision no more exempts that entity from the rule than it would be from a legislative enactment. *See City of Lubbock v. Public Util. Comm'n*, 705 S.W.2d 329, 330-31 (Tex. App.–Austin 1986, writ ref'd n.r.e.).

As your predecessor explained the situation, the department promulgates rules for participation in the Medicaid Program, including *inter alia* deadlines for filing claims which are codified at volume 25, section 29.3 of the Texas Administrative Code. Health care providers enter into contracts with the department "whereby the entities agree[] to provide services in compliance with Medicaid Program rules and regulations." Letter from Patti J. Patterson, M.D., Tex. Dept. of Health, to Hon. Dan Morales, Office of the Tex. Att'y Gen. (July 7, 1997) (on file with the Opinion Comm.). Certain of these providers, including Texas Tech University Health Sciences Center and the University of Texas Medical Branch at Galveston, as we understand it, have taken the position that because they are state entities, they are not subject to the rules promulgated by the department.

It is, we are given to understand, that assertion and that assertion alone which you wish this office to consider. We will therefore assume, without deciding, that the rule in question is within the statutory authority of the department; that the rule has been properly promulgated; and that the entities in question are making no claim that an exemption for them is to be found somewhere else in the statute. We are considering only the bare proposition that a state entity may assert, merely because it is a state entity, that it is exempt from what would otherwise be a binding regulation properly promulgated by a state agency which had the necessary rule-making authority.

We know of no authority for this novel and indeed startling proposition of law. Indeed, the contrary view that properly promulgated state agency rules bind all parties subject to them, save the United States, is so well established as to be beyond question. Such rules, when within the powers granted by the legislature, have the force of law. *See Lewis*, 540 S.W.2d at 310.

A somewhat similar argument is to be found in *City of Lubbock*. While in that case a rule promulgated by the Public Utility Commission was found not to apply to the city involved because of a specific statutory exemption, the Third District Court of Appeals made it clear that absent such statutory exemption the city would have been bound:

> [T]he City does not challenge the validity of this rule, but instead challenges its application to municipal regulatory authorities under PURA. The courts must assume that facts exist which justify the promulgation of the rule and establish its general validity. A valid administrative rule is ordinarily construed like a statute and has the force and effect of legislation. Accordingly, absent a statutory directive to the contrary, the court assumes that [the rule] does indeed apply to municipal regulatory authorities.

*City of Lubbock*, 705 S.W.2d at 330-31 (citations omitted).

If a political subdivision or other state entity could assert that its mere political status exempted it from an agency regulation, then the rest of the *City of Lubbock* court's analysis would have been supererogatory. Such is plainly not the case. An agency, a city, a board or department, a state university: any such entity is as bound by a properly promulgated rule as it would be by legislative enactment.

We find the assertion to the contrary particularly troubling in light of the fact that, as we understand it, the rules in question are incorporated in the contract between the department and the health care providers. A rule providing that a state entity could, in effect, avoid a contract term it found onerous for no other reason than its political nature might at first blush seem an attractive one from the state's point of view. But we imagine that, were such a rule part of the common law, private parties would be loath to contract with the state on account of it. No such rule, of course, exists; and we do not intend to expound it. But such a rule would be the necessary consequence of the proposition which the health care providers have argued to you.

Accordingly, we conclude that state entities, like other parties, are bound by rules properly promulgated by an administrative agency to which the legislature has given the necessary regulatory authority, unless specifically exempted therefrom.

## S U M M A R Y

State entities, like other parties, are bound by rules properly promulgated by an administrative agency to which the legislature has given the necessary regulatory authority, unless specifically exempted therefrom.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by James E. Tourtelott
Assistant Attorney General