

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

August 25, 2004

The Honorable Rodney Ellis
Chair, Committee on Government Organization
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0240

Re: Authority of the Board of Pardons and Paroles to consider applications for pardons based on innocence (RQ-0192-GA)

Dear Senator Ellis:

You ask about the requirements necessary for the Board of Pardons and Paroles (the "Board") to consider an application for a pardon based on innocence.[1] In particular you inquire about the effect of certain Board rules on the Board's power to consider such applications. *See* Request Letter, *supra* note 1, at 1.

Texas Constitution article IV, section 11 requires the legislature to establish a Board of Pardons and Paroles. *See* TEX. CONST. art. IV, § 11(a). It also provides that

> [i]n all criminal cases, except treason and impeachment, the Governor shall have power, after conviction, on the written signed recommendation and advice of the Board of Pardons and Paroles, or a majority thereof, to grant reprieves and commutations of punishment and pardons . . . .

*Id.* art. IV, § 11(b).

The legislature has adopted Code of Criminal Procedure chapter 48 and Government Code chapter 508 to implement article IV, section 11. *See* TEX. CODE CRIM. PROC. ANN. arts. 48.01-.05 (Vernon 1979 & Supp. 2004) (chapter 48); *see also* TEX. GOV'T CODE ANN. §§ 508.001-.324 (Vernon 1998 & Supp. 2004) (chapter 508), *as amended by* Act of Oct. 12, 2003, 78th Leg., 3d C.S., ch. 3, §§ 11.02-.22, 2003 Tex. Gen. Laws 78, 92-98 (effective Jan. 11, 2004). Neither of these statutes refers to a pardon for innocence, although other legislation refers to such pardons. Civil Practices and Remedies Code chapter 103 provides for compensating a person for wrongful imprisonment if the person "has received a full pardon on the basis of innocence" or "has been

---

[1]Letter from Honorable Rodney Ellis, Chair, Committee on Government Organization, Texas State Senate, to Honorable Greg Abbott, Texas Attorney General (Mar. 9, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

granted relief on the basis of actual innocence." TEX. CIV. PRAC. & REM. CODE ANN. § 103.001(a) (Vernon Supp. 2004). *See also* TEX. OCC. CODE ANN. § 1701.312(a)-(b)(3) (Vernon 2004) (a person convicted of a felony is disqualified to be a peace officer unless a pardon is granted for subsequent proof of innocence).

You ask the following specific questions:

1. What are the requirements for the Board of Pardons and Paroles to consider an application for a pardon based on innocence?

2. Does the Board of Pardons and Paroles have the authority [to] exercise discretion in reviewing pardons of innocence?

3. Under what circumstances may the Board of Pardons and Paroles exercise that discretion?

Request Letter, *supra* note 1, at 2.

The Board has provided by rule the following requirements for considering an application for its recommendation of a pardon based on innocence:

On the grounds of innocence of the offense for which convicted the board *will only consider* applications for recommendation to the governor for full pardon upon receipt of:

(1) a written unanimous recommendation of the current trial officials of the court of conviction; and

(2) affidavits of witnesses upon which the recommendation of innocence is based; and

(3) if the basis for the recommendation is evidence not previously available, a certified order or judgment of a court having jurisdiction accompanied by a certified copy of the findings of fact.

37 TEX. ADMIN. CODE § 143.2 (2004) (emphasis added). "Trial officials" are "[t]he present sheriff, prosecuting attorney, and judge in the county and court of offense, conviction and release." *See id.* § 141.111(48).

This rule states that the board "will only consider" applications for a recommendation of a pardon based on innocence if they include certain documents. *See id.* § 143.2. You state that the Board's failure to consider an application for a recommendation for a pardon based on innocence would deny the applicant's right of remonstrance guaranteed by Texas Constitution article I, section

27. *See* Request Letter, *supra* note 1, at 2. You also state that "[t]he right of remonstrance guarantees meaningful review of petitions for executive clemency by requiring that the Board at a minimum 'consider' the petition." *Id.* (citing *Graham v. Tex. Bd. of Pardons & Paroles*, 913 S.W.2d 745, 752 n.10 (Tex. App.–Austin 1996, writ dism'd w.o.j.). Article I, section 27 states as follows:

> The citizens shall have the right, in a peaceable manner, to assemble together for their common good; and apply to those invested with the powers of government for redress of grievances or other purposes, by petition, address or remonstrance.

TEX. CONST. art. I, § 27.

In *Graham*, the Austin Court of Appeals addressed the right of remonstrance as follows:

> Graham's right of remonstrance guarantees meaningful review of his petition by the Board by requiring that the Board "consider" it. *Professional Ass'n of College Educators v. El Paso County Community Dist.*, 678 S.W.2d 94, 96 (Tex. App.–El Paso 1984, writ ref'd n.r.e.). A government body considers a remonstrance if it stops, looks, and listens to a grievance. *Id.*
>
> However, the right to have the Board consider his petition does not entitle Graham to any specific due process: "[there is] no requirement that those trusted with the powers of government must negotiate or even respond to complaints filed by those being governed." *Id.*; *accord Corpus Christi Indep. Sch. Dist. v. Padilla*, 709 S.W.2d 700, 704-05 (Tex. App–Corpus Christi 1986, no writ). We hold that the right of remonstrance does not entitle Graham to a hearing before the Board on his petition for clemency.

*Graham*, 913 S.W.2d at 752 n.10.

Nothing in *Graham* forbids the Board from exercising its rulemaking power to establish requirements for an application for a recommendation of a pardon based on innocence. In answer to your first question, Title 37, section 143.2 of the Texas Administrative Code states the Board's requirements for considering an application for a pardon based on innocence. *See* 37 TEX. ADMIN. CODE § 143.2 (2004).

The Board's rule on the documents required in an application for its recommendation of a pardon based on innocence must, however, be read together with the following rule on the use and effect of Board rules:

> These rules are prescribed for the performance of the constitutional and statutory powers and functions vested in the board.

> In no event shall they or any of them be construed as a limitation or restriction upon the exercise of any discretion by the board or by a parole panel.

*Id.* § 141.51.

Administrative rules are ordinarily construed in the same way as statutes. *See Lewis v. Jacksonville Bldg. & Loan Ass'n.*, 540 S.W.2d 307, 310 (Tex. 1976); *City of Lubbock v. Pub. Util. Comm'n of Tex.*, 705 S.W.2d 329, 330-31 (Tex. App.–Austin 1986, writ ref'd n.r.e.); Tex. Att'y Gen. Op. No. JC-0418 (2001) at 5. A statute must be harmonized with other relevant statutes, if possible. *See R.R. Comm'n of Tex. v. Moran Util. Co.*, 728 S.W.2d 764, 767 (Tex. 1987); *State v. Standard Oil Co.*, 107 S.W.2d 550, 559 (Tex. 1937).

We read section 141.51 as authorizing the Board to make reasonable exceptions to the requirements stated in section 143.2. *See* 37 TEX. ADMIN. CODE §§ 141.51, 143.2 (2004). The Board has stated that "[i]nnocence pardons are extremely unusual and are *usually considered* only on unanimous recommendation of an applicant's three trial officials (sentencing judge, district attorney, sheriff),"[2] thus indicating that the Board on occasion waives requirements stated in its rule. "In construing a statute, . . . a court may consider among other matters the . . . administrative construction of the statute . . . ." TEX. GOV'T CODE ANN. § 311.023(6) (Vernon 1998); *Ins. Co. of Pa. v. Stelhik*, 995 S.W.2d 939, 943 (Tex. App.–Fort Worth 1999, pet. denied) (interpretation of Texas Workers Compensation statute in memo to field officer by executive director who is charged with enforcing statute was entitled to "serious consideration" in construing statute); Tex. Att'y Gen. Op. No. GA-0135 (2004) at 4. Courts will moreover defer to an agency's interpretation of its own rule. *See Pub. Util. Comm'n of Tex. v. Gulf States Utils. Co.*, 809 S.W.2d 201, 207 (Tex. 1991). In answer to your second question, we conclude that the Board may, in the exercise of reasonable discretion, waive requirements stated in Title 37, section 143.2, Texas Administrative Code, for considering an application for a pardon based on innocence. *See* 37 TEX. ADMIN. CODE § 143.2 (2004).

You also inquire about the circumstances under which the Board may exercise its discretion to waive requirements stated in section 143.2. *See* Request Letter, *supra* note 1, at 2. This is a matter within the Board's reasonable discretion. We note, however, that section 143.2 requires the applicant to provide documents showing innocence. *See* 37 TEX. ADMIN. CODE § 143.2(2) (2004). The Board could reasonably waive its section 143.2 requirement for a particular document or documents where the applicant presents other highly persuasive evidence of innocence. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01-.05 (Vernon Supp. 2004) (chapter 64 concerning forensic DNA testing of convicted person). We reiterate that it is for the Board to determine when it should waive the requirements stated in section 143.2.

---

[2]Texas Board of Pardons and Paroles, *Executive Clemency in Texas, What is a Full Pardon?* available at http://www.tdcj.state.tx.us/bpp/exec_clem/exec_clem.html (emphasis added).

## S U M M A R Y

The Board of Pardons and Paroles has by rule established requirements for considering applications for its recommendation to the governor for a pardon based on innocence. Pursuant to another rule, the Board has discretion to waive such requirements. It is a matter within the Board's reasonable discretion to determine when it should waive a requirement or requirements.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee