## No. 21042.

Sherri Anne Valdez, a minor, by her father and next friend, Bernie R. Valdez and Bernie R. Valdez and Marvia E. Valdez *v.* The County of Moffat, State of Colorado; Earl Wilson, Individually and as a Commissioner of the County of Moffat, State of Colorado; Sam Steele, Individually and as a Commissioner of the County of Moffat, State of Colorado; Marion Jones, Individually and as a Commissioner of the County of Moffat, State of Colorado; Memorial Hospital, Craig, Colorado; O. P. Dyar, Individually and as a Trustee of Memorial Hospital, Craig, Colorado; Raymond A. Johnson, Individually and as a Trustee of Memorial Hospital, Craig, Colorado; Charles J. Crosthwaite, Individually and as a Trustee of Memorial Hospital, Craig, Colorado; Robert Van Dorn, Individually and as Trustee of Memorial Hospital, Craig, Colorado; Dean C. Myers, Individually and as a Trustee of Memorial Hospital, Craig, Colorado; Frank C. Estey, Individually and as a Trustee of Memorial Hospital, Craig, Colorado; Louis Visintainer, Individually and as a Trustee of Memorial Hospital, Craig, Colorado; and J. Arthuretta Walter.

(423 P.2d 7)

Decided January 9, 1967.　　Rehearing denied February 14, 1967.

361

WORMWOOD, O'DELL and WOLVINGTON, LAIRD CAMPBELL, for plaintiffs in error.

J. FRED SCHNEIDER, RONALD LEE COOKE, E. D. DAVIS, for defendants in error The County of Moffat, Earl Wilson, Sam Steele and Marion Jones, Individually and as Commissioners of the County of Moffat.

WORTH F. SHRIMPTON, SID PLEASANT, for defendants in error Memorial Hospital, and Trustees Thereof as Trustees and as Individuals, and J. Arthuretta Walter.

*En Banc.*

MR. JUSTICE SCHAUER delivered the opinion of the Court.

THE plaintiffs in error appeared as plaintiffs in the trial court, where they filed an amended complaint alleging that Sherri Anne Valdez was born at Memorial Hospital in Craig, Colorado, on May 5, 1961. The plaintiffs asserted fourteen claims for relief, based upon an allegation that the new-born child was without oxygen for a considerable period of time immediately following birth, resulting in damage to her brain which caused serious permanent physical and mental disability.

Judgment is demanded for the injury to Sherri and for amounts expended by Bernie R. and Marvia E. Valdez, Sherri's parents, for medical and hospital serv-

ices, plus amounts which may reasonably be expended in the future.

The first four claims are against the attending physician, Dr. Daniel W. Kramer. In summary, they charge the doctor with negligence and carelessness in failing to provide the necessary oxygen at the time of the child's birth. They further allege that they contracted with Dr. Kramer to attend the child, which involved an implied agreement on his part to use reasonable care in such attendance. They then allege that the doctor breached the contract, resulting in the permanent injury to the child and the consequent medical and hospital expenses.

The next four claims are against the County of Moffat, its board of county commissioners and the individual members thereof. It is alleged that the Memorial Hospital is a county hospital, organized under C.R.S. '53, 66-7-1, et seq., and is under the supervision and control of the county and its board of county commissioners; that the damage to the child was due to the negligence and carelessness of the hospital, acting through its agents and servants, which negligence and carelessness is imputed to these named defendants and has resulted in the damage claimed. Plaintiffs further claim that there was a contract between the hospital and themselves similar to their contract with Dr. Kramer. It is further alleged that the breach of this contract by the hospital, acting through its agents and servants, for which breach these named defendants are legally responsible, resulted in the damage claimed.

The next four claims are against the board of trustees of the hospital and the individual members thereof. Practically the same allegations are made as those asserted against the county and the board of county commissioners. Plaintiffs allege a contract between themselves and the trustees similar to their contract with Dr. Kramer and the county, the breach thereof and the consequent damage sustained.

The last two claims are against J. Arthuretta Walter,

the administrator of the hospital. Plaintiffs charge that this defendant had the duty of seeing that the hospital is properly equipped, with the equipment in its proper place, and that her failure to properly perform her duties resulted in the damage claimed.

The answer of Dr. Kramer denies every allegation of plaintiffs' amended complaint so far as it relates to any claim against him. Walter, in her answer, alleges that she, as an individual, has no standing or status with the trustees of the hospital and no duties or responsibilities in connection with the operation of the hospital, and that the amended complaint fails to state a claim against her. She denies all allegations as to any negligence on her part.

Eleven motions and counter motions were filed and argued. The court granted a change of venue and transferred the case to Routt County for trial, to which action no objection is raised. It granted the motion to dismiss as to all defendants except Kramer and Walter and also denied the motion to make the amended complaint more definite and certain. Judgment was then entered accordingly. The court directed that the judgment of dismissal as to the defendants other than Kramer and Walter applied to "claims sounding on contract and those sounding in tort." The only defendants left in the case are Kramer and Walter. It is to the order dismissing the case as to the other defendants that this writ of error is directed. The filing of a motion for new trial was dispensed with.

 The record is absolutely silent as to preliminary negotiations or arrangements between the parties or as to anything that transpired at the hospital at the time of the birth of this child. This review of the trial court proceedings is limited to the pleadings and rulings from the brief record before us, and we hold that the allegations set forth in the amended complaint do assert a cause of action upon which relief can be granted if and when sufficient proof is adduced. To uphold the

ruling of the trial court would amount to a denial of a day in court giving the plaintiffs an opportunity to offer proof in support of their allegations. If the action were sustained on the basis of an enforceable contract, the doctrine of sovereign immunity would not apply as to the defendants who were dismissed from the action on the ground that the action sounded only in tort. *State Highway Department v. Dawson,* 126 Colo. 490, 253 P.2d 593. The court disposed of the issue without taking evidence, in a manner that appears novel in view of the allegations asserted and the statements made by the court. When ruling on the motions, the trial court stated, *inter alia,* as follows:

"I might add this: that I can't see any distinction in fact in a case of this kind between a cause of action sounding in contract and one sounding in tort. The difference is purely nominal and to simply duplicate claims and causes of action, labeling one tort and the other contract doesn't meet the situation and doesn't lead to a different conclusion than what would have been presented if the word contract was not employed at all."

Had the court granted the motion to make the amended complaint more definite and certain by setting forth the terms of the alleged contract and the nature of its breach, it might have had sufficient showing before it to determine the distinction between an action sounding in contract and an action sounding in tort. Moreover, the justification for the judgments entered by the trial court would then have had sufficient illumination to afford opportunity for review of the substantial issues which ultimately should determine the rights of the litigants.

The apparent inconsistencies in the trial court's rulings are indicated by its order denying the motion to dismiss filed by Walter. From sources entirely outside the record, the court designated the action against her to be malpractice, and found that the charge against her

of negligence had not been challenged. The latter finding is difficult to comprehend in light of the fact that the defendant Walter denied the charge of negligence in her answer to the amended complaint.

At the time of granting the motion for change of place of trial, the court made the following statement:

"* * * It will be moved to Routt County for trial. I feel it will be well to eliminate entirely any possible question of prejudice — the trouble is in this case the Court has personal knowledge of a number of things that don't appear from the Affidavits and that is frequently encountered in the administration of the Courts in this jurisdiction. I know something about the Craig Memorial Hospital and the manner in which it was launched and inaugurated and financed and it is supported by a mill levy by the County Commissioners and all those aspects and all of those possibilities will be eliminated by taking it to Routt County * * *."

▮ It is quite apparent that information was employed which did not make an appearance in open court, giving all parties to the action an appropriate opportunity to respond as advised. It becomes rather difficult to envision the presence of a judicial and impartial atmosphere relative to other issues in the case after the court's declaration of firsthand knowledge of the facts yet to be presented. The interest of justice demands that determination in judicial proceedings be made upon information presented to the court by pleadings, arguments and evidence, and not by substitution of knowledge from sources peculiarly within the knowledge of the court.

▮ In considering the question of sovereign immunity, the court did hold that both the county and the hospital were acting in a governmental capacity, rather than in a proprietary capacity. There is nothing in the record to suggest the basis for the trial court's holding; consequently, we must now hold that such ruling was premature.

Answers to interrogatories disclosed the fact that on May 5, 1961, the date of the birth of Sherri Anne Valdez, the Craig Memorial Hospital had a policy of liability insurance to protect it against claims of patients. The policy was issued by American Surety Company of New York, with a limit of liability of $50,000 for each person and $100,000 for each accident.

■ The question of the effect of liability insurance on the liability of a unit of government is a matter of first impression in this court. No judgment for monetary recovery has been rendered, no proof as to the alleged negligence has yet been offered and no finding on the facts or verdict entered. Moreover, we do not have the benefit of any evidence advising us of the provisions of the insurance contract referred to in the pleadings. The record fails to disclose just who was insured by the policy. It is, therefore, inappropriate to address ourselves to the issue related to liability insurance in view of the state of the record before us at this time.

■ Based upon a review of this record, we hold that the trial court erred in granting the motions to dismiss and entering judgment in favor of the County of Moffat, the Board of County Commissioners, Memorial Hospital and the Board of Trustees. When and if relevant proof is adduced, the language in *Liber v. Flor*, 143 Colo. 205, 353 P.2d 590, may be applicable as to the ruling granting the motion to dismiss in favor of Earl Wilson, Sam Steele, Marion Jones, O. P. Dyar, Raymond A. Johnson, Charles J. Crosthwaite, Robert Van Dorn, Dean C. Myers, Frank C. Estey and Louis Visintainer, as individuals, and the trial court's action in this regard is held to be error.

The ruling and judgment is reversed and the cause remanded to the District Court of Routt County, Colorado, for further proceedings not inconsistent with the views herein expressed.

MR. JUSTICE DAY and MR. JUSTICE PRINGLE concur in the result.