Joyce Lynn TOWNSEND, Appellant,

v.

MEMORIAL MEDICAL CENTER et al., Appellees.

No. 975.

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 16, 1975.

Rehearing Denied Nov. 13, 1975.

Mark W. Owen, Wood, Boykin & Wolter, Corpus Christi, for appellant.

Harry F. Maddin, Allison, Maddin, White & Brin, Inc., Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

Joyce Lynn Townsend brought this suit against, among others, Memorial Medical Center, a county hospital district, and Robert W. McCuistion, individually and as administrator of the hospital, seeking damages for injuries received when she was raped by a hospital orderly while she was a patient in the hospital. The defendants, Memorial Medical Center and Robert W. McCuistion, filed special exceptions to the plaintiff's petition and the trial court sustained those exceptions. After the plaintiff declined to amend, the trial court rendered judgment dismissing the plaintiff's cause with prejudice. The plaintiff appeals from that judgment.

The appellant's petition alleges in part the following conditions and events: Townsend suffered a seizure and was admitted to Memorial Medical Center hospital as a paying patient. The attending physician, Dr. Norstrom, prescribed valium for her ailment described as convulsive seizures. Subsequently she suffered another seizure and Dr. Norstrom requested that she be transferred from her fourth floor room to the seventh floor for further treatment and observation. In a sedated condition she was taken from her room on a stretcher table by a male hospital orderly. The orderly pushed the stretcher down the hall to the "back elevator" and during the ascent to the seventh floor he stopped the car between floors. He then and there forcibly raped Ms. Townsend.

The appellant complains that the appellee Memorial Medical Center, described by the appellant as created by the Commissioners' Court of Nueces County, failed to maintain procedures adequate to protect the patient's safety, permitted a male orderly to transfer a sedated female patient, and maintained an elevator in such a condition that it could be stopped and locked between floors without a warning device.

The appellant pleads in the alternative that she has a cause of action sounding in contract against Memorial Medical Center. The substance of the contract is that the hospital would provide her with a hygienic and secure environment. The appellant alleges that the contract was breached and as a result of such breach she suffered actual and special damages.

About Robert W. McCuistion, she says he failed as administrator of the hospital to properly execute and supervise hospital procedures and policies designed for the safety and physical integrity of hospital patients and further failed to supervise the personnel charged with patient care and safety.

One of the procedures of which appellant particularly complains was violated was that which requires that two staff members accompany the transfer of a patient in the condition of appellant Townsend. In that regard, she says that the nurse in charge of the fourth floor directed that appellant be transported to the seventh floor in the sole custody of the male hospital orderly.

The appellant alleges that the acts of the several appellees constituted negligence and that each act was a proximate cause of her injury.

In answer to the charges the appellees, Memorial Medical Center and Robert W. McCuistion, filed a plea in bar, plea in abatement, and special exceptions. Their special exceptions set out, among other things, that the alleged cause of action is barred by the defense of governmental immunity and by the provisions of the Texas Tort Claims Act[1]; that the petition failed to state a cause of action; and that the complained of acts and omissions could not have been the proximate cause of the appellant's injuries.

In its judgment sustaining the special exceptions, the trial specifically found as a matter of law: that Townsend failed to state a cause of action because her pleadings were subject to the defense and bar of governmental immunity; that no cause of action was stated within the provisions of the Texas Tort Claims Act; that the alleged negligence could not have been a proximate cause of the alleged injury because the alleged rape was an intervening cause. About the plaintiff's contract theory of recovery, the trial court found as a matter of law that there was no contract, expressed, implied in fact or implied in law.

The appellant, in her points of error, complains of the order of the trial court in sustaining the special exceptions, dismissing her cause and holding as a matter of law that the pleadings failed to state a cause of action cognizable under the provisions of the Texas Tort Claims Act. It is urged by appellant that this Court give a liberal construction to Section 3 of the Texas Tort Claims Act and recognize a cause of action under the facts stated in her petition.

■ The Act has to a limited extent waived the defense of governmental immunity. *Hopper v. Midland County*, 500 S.W.2d 552, 554 (Tex.Civ.App.—El Paso 1973, writ ref'd n. r. e.); *Dobbins v. Texas Turnpike Authority*, 496 S.W.2d 744 (Tex. Civ.App.—Texarkana 1973, writ ref'd n. r. e.). Section 3 provides in part as follows:

"Each unit of government in the state shall be liable for money damages for personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle and motor-driven equipment, . . . under circumstances where such officer or employee would be personally liable to the claimant in accordance with the law of this state, or death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state. . . ."

■ The facts alleged in appellant's petition also require a consideration of Section 14(10) of the Act which reads as follows:

"The provisions of this Act shall not apply to: (10) Any claim arising out of assault, battery, false imprisonment, or any other intentional tort including, but not limited to, disciplinary action by school authorities."

The appellant's petition recognizes that the defendant Memorial Medical Center is a governmental unit. If this Court is to find that a cause of action has been stated we must find that a cause of action has been stated under Section 3 of the Act and not prohibited by Section 14(10) of that Act.

The appellant contends that her petition alleges an injury which involved the use of a motor-driven vehicle, and also the condition and use of tangible property. In each case the "back elevator" is the vehicle or property involved. If we could say, which we do not, that an elevator is a motor-driven vehicle contemplated by the Act, or that appellant has set up in her petition negligence by the hospital caused from "some condition" or "some use of tangible property", the appellant's petition must still fail because of Section 14(10) of the Act.

1. Tex.Rev.Civ.Stat.Ann. art. 6252–19 (1970)

As noted previously, Section 3 of the Texas Tort Claims Act is further limited by Section 14(10) which explains that the Act shall not apply to claims arising out of an intentional tort. Although the appellant contends on appeal that the rape, an intentional tort, is not the gist of her complaint, her petition leaves no other fair construction possible. If the appellant believes she has stated a cause of action such that injury occurred without the criminal act committed by the hospital orderly, she has not so stated with sufficient clarity in her petition.

The appellant also contends that her petition alleges a cause of action sounding in contract and that the doctrine of governmental immunity will not immunize a governmental entity from suits for breach of contract. To support this position she cites: *Paul v. Escambia County Hospital Board*, 283 Ala. 488, 218 So.2d 817 (1969) and *Valdez v. County of Moffat*, 161 Colo. 361, 423 P.2d 7 (1967).

 Although some states in recent years have refused to apply the doctrine of governmental immunity in litigation involving state contracts, this is not true in Texas. Governmental immunity is the general rule in Texas. *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847). The Texas Legislature has to a limited extent waived the defense in passing the Texas Tort Claims Act, but immunity is still the rule where the act does not apply. *Hopper v. Midland, supra*. A suit for breach of contract may not be filed and maintained against an agent of the State without first obtaining legislative permission. *Texas Technological College v. Fry*, 278 S.W.2d 480, 481 (Tex.Civ.App.—Amarillo 1954, no writ); *Bryan v. Texas State Board of Education*, 163 S.W.2d 837, 838 (Tex.Civ.App.—El Paso 1942, writ ref'd w. o. m.); *San Antonio Independent School Dist. v. State Board of Education*, 108 S.W.2d 445, 448 (Tex.Civ.App.—San Antonio 1937, no writ).

 It is the appellant's position that Section 5 of Tex.Rev.Civ.Stat.Ann. art. 4494n had impliedly waived governmental immunity. Section 5 provides that the Board of Managers of a county hospital district shall have the power and authority to sue and be sued. A similar provision is found in Section 3 of Tex.Rev.Civ.Stat.Ann. art. 4437e which applies to a Hospital Authority created by the Governing Body of a City. The appellant in *Childs v. Greenville Hospital Authority*, 479 S.W.2d 399, 401 (Tex.Civ.App.—Texarkana 1972, writ ref'd n. r. e.) argues that 4437e impliedly waived governmental immunity as a defense. The court rejected this contention saying: "The . . . proposition has been frequently denied in analogous cases." Appellant's contract contention fails also.

 A trial court may exercise a large measure of discretion in ruling upon special exceptions and unless injury or an abuse of discretion is shown, the ruling will not be disturbed. *City of Abilene v. Jones*, 355 S.W.2d 597, 600 (Tex.Civ.App.—Eastland 1962, no writ). The very essence and import of special exceptions is to force the clarification of and specification in pleadings that are vague, indefinite or uncertain. *McFarland v. Reynolds*, 513 S.W.2d 620, 626 (Tex.Civ.App.—Corpus Christi 1974, no writ). After the trial court sustained the special exceptions of the appellee, the appellant stated in open court that no additional amendments to her petition would be made. Under such circumstances, there being no cause of action stated in the remaining portion of the appellant's petition, the trial court properly rendered a final judgment of dismissal. *Rutledge v. Valley Evening Monitor*, 289 S.W.2d 952, 953 (Tex.Civ. App.—San Antonio 1956, no writ). All of appellant's points of error have by us been considered and are overruled.

The judgment of the trial court is affirmed.