**Tommy WIMBERLEY, Appellant,**

v.

**Troy SLOAN et al, Appellees.**

**No. 11–97–096–CV.**

Court of Appeals of Texas,
Eastland.

Feb. 5, 1998.

Ben Sudderth, Law Office of Ben D. Sudderth, Comanche, for appellant.

Matt Dow, Edward Small, Small Craig & Werkenthin, Austin, for appellees.

Before DICKENSON and WRIGHT, JJ., and McCLOUD, Senior Justice.*

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

OPINION

AUSTIN McCLOUD, Senior Justice (Retired).

Tommy Wimberley, plaintiff, sued the Stephens County Appraisal District and its Board of Directors, C.O. Thompson, David Duggan, Curt McClymond, David Thompson, and Jerry Toland, defendants, for personal injuries received by Wimberley when he was assaulted by the Appraisal District's Chief Appraiser, Troy Sloan,[1] while Wimberley was in the appraisal district's office discussing tax matters with Sloan. The trial court granted defendants' motion for summary judgment based upon sovereign immunity. Plaintiff appeals. We affirm.

Plaintiff stated in his affidavit that he went to the chief appraiser's office to discuss matters relating to taxable real estate located in Stephens County. Plaintiff was directed to a room in the office that contained a table and chairs. The chief appraiser accompanied plaintiff into the room. During the discussion, Sloan stated that plaintiff was "a G— d—— liar." Plaintiff stated that, as he started to get out of the chair, Sloan hit him "across the side of [his] face."

Plaintiff alleged in his third amended original petition:

The Officers and Directors of "Defendant District" knew, or reasonably should have known, of the propensity of Defendant Sloan for anger, violence, and infliction of injury. Notwithstanding such knowledge the Defendant District negligently employed, and continued in employment, Defendant Sloan as Chief Appraiser of such District. The conduct of Defendant District in negligently hiring, retaining, and entrustment of Troy Sloan, as Chief Appraiser, was the direct and proximate cause of the intentional assault of which Plaintiff was the victim and the injuries and damages sustained by him as a result thereof. The Defendant District provided the use of real and personal property in building, upon its property and within its offices for the making of such

1. Plaintiff's claims against Troy Sloan, individually and in his capacity as Chief Appraiser of the Stephens County Appraisal District, have been severed from the case on appeal.

assault by its agent, servant, and employee Defendant Sloan.

Plaintiff argues that his claims against the defendants involve the use or condition of two categories of property: (1) tangible personal property and (2) real property. The tangible personal property was the chair that Sloan directed plaintiff to sit in, and the real property was the building containing the chief appraiser's office and the conference room where the assault occurred.[2]

Defendants cite *McCord v. Memorial Medical Center Hospital*, 750 S.W.2d 362, 363 (Tex.App.—Corpus Christi 1988, no writ)(security guard used his nightstick to beat plaintiff) and *Townsend v. Memorial Medical Center*, 529 S.W.2d 264 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd. n.r.e.)(hospital orderly raped a patient while in an elevator) to support their contention that plaintiff's claims are prohibited by TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (Vernon 1997).[3] Both *Townsend* and *McCord* contained claims of improper supervision.

The Supreme Court in *Delaney v. University of Houston*, 835 S.W.2d 56 (Tex.1992), appeared to approve the holding in *Townsend* but held that the reasoning in *Townsend* would not apply where the rapist was not an employee of the governmental unit and the "focus" of the injured party's claim was on the conduct of the governmental unit, and not on the conduct of the rapist. The Supreme Court reviewed the facts in *Townsend* and held that the claims in that case "tended to focus" on the employee's conduct. Our review of *Townsend* reveals that much of the facts discussed by the court of appeals relate to the supervision and conduct of the hospital. We, therefore, will not determine this case on the question of whether plaintiff's claim focuses on the conduct of the chief appraiser or on the conduct of defendants.

The Supreme Court made it clear in *Young v. City of Dimmitt*, 787 S.W.2d 50

(Tex.1990), that, under certain circumstances, an injured party's claim for negligent employment and entrustment may arise out of the negligence of the governmental unit's supervising employee and not out of an employee's intentional tort.

We find the recent case of *Holder v. Mellon Mortgage Company*, 954 S.W.2d 786 (Tex.App.—Houston [14th Dist.] 1997, writ pending), to be instructive. There, the injured party sued the City of Houston, alleging that the city was negligent in its supervision of a city police officer and in the use by the officer of a city patrol car. The officer stopped the injured woman for an apparent traffic violation and, after examining her identification and insurance card, ordered the woman to follow him. The officer led the woman to a parking garage where he sexually assaulted her in the city's police car. The court cites *Kassen v. Hatley*, 887 S.W.2d 4, 14 (Tex.1994), where the Supreme Court said that Section 101.021 "requires the property's condition or use to cause the injury." The court in *Holder* discusses the controlling authorities and holds that:

> [T]he use of the patrol car was not the "direct device" causing Holder's injury, and the "required causal nexus" for liability under the TTCA is missing. Instead, Holder was injured by Potter's intentional assault.

In this case, neither the building nor the chair where plaintiff was sitting when he was assaulted was the "direct device" causing plaintiff's injuries and the "required causal nexus" for liability under the Texas Tort Claims Act[4] is missing.

*City of Waco v. Hester*, 805 S.W.2d 807 (Tex.App—Waco 1990, writ den'd), cited by plaintiff is factually distinguishable. There, the court found that the city had formulated policies to segregate violent or homosexual prisoners from other inmates. The police officers either knew or should have known

---

**2.** TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 1997) waives sovereign immunity under certain conditions if the injury is caused by a "condition or use of tangible personal or real property."

**3.** Section 101.057(2) provides that the chapter waiving immunity does not apply to claims arising out of assault, battery, or any other intentional tort.

**4.** TEX. CIV. PRAC. & REM. CODE ANN. § 101.001 et seq. (Vernon 1997 & Supp.1998).

that an inmate had violent homosexual tendencies. This information was not given to the jailer. The dayroom was used to house all inmates during the day. The evidence showed that the homosexual inmate raped the injured inmate in the shower area of the dayroom. The court held that the evidence was sufficient to show that the injuries were caused by "using" the dayroom to house the known homosexual with the other inmates. The court also observed that a steel door was closed when the sexual assault occurred and that that could have interfered with the jailer's auditory surveillance of inmate activities. Furthermore, the court observed that the jailers could have been distracted from their duties by watching commercial television at the booking desk. We find no comparable evidence in this case. Here, the plaintiff entered the conference room and sat in a chair. The chief appraiser did not strike the plaintiff with the chair, and the conference room played no significant role in the assault. The property was not a contributing factor to plaintiff's injury. *Salcedo v. El Paso Hospital District*, 659 S.W.2d 30 (Tex.1983); *Smith v. Tarrant County*, 946 S.W.2d 496 (Tex. App.—Fort Worth 1997, writ filed).

The judgment of the trial court is affirmed.